IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MASHELL R. MANN, # 188719, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 2:18-cv40-WHA |
| | ) [WO] |
| CHADWICK CRABTREE, *et al.,* | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

In a letter addressed to a judge of this court dated January 12, 2018 and received on January 23, 2018, Mashell R. Mann, a state inmate at the Birmingham Community Based Facility/Community Work Center, alleges irregularities in a decision by the Alabama Board of Pardons and Paroles ("Board") denying her parole from the sentence she is serving for her 1996 murder conviction. Doc. 1. Mann's letter has been docketed as a petition for writ of habeas under 28 U.S.C. § 2254. For the reasons that follow, the Magistrate Judge finds that Mann's § 2254 petition should be transferred to the United States District Court for the Northern District of Alabama.

**II.   DISCUSSION**

**A.   Mann's Filing Is Properly Treated as a 28 U.S.C. § 2254 Petition.**

Mann is in custody under her 1996 murder conviction and 40-year sentence entered by the Walker County Circuit Court. Therefore, the appropriate vehicle for her to challenge

the Board's decision denying her parole is a petition for writ of habeas corpus under 28 U.S.C. § 2254.

> [E]ach circuit court to consider this issue has concluded that § 2254 is the sole vehicle available to state prisoners challenging either the validity or execution of their state [confinement]. . . . These cases hold that [a] state prisoner . . . not only may, but according to the terms of section 2254 must, bring a challenge to [the validity of his incarceration] . . . under section 2254. We believe this to be a proper statement of the avenues of habeas relief available to state prisoners seeking federal review of their state court [custody, conviction, or] sentence[.]

*Malloy v. Riley, et al.*, 4:02-79-IPJ (N.D. Ala. 2003), 82 F. App'x 222 (table) (Aug. 26, 2003) (internal quotations and citations omitted); *see Cook v. Baker*, 139 F. App'x 167, 169 (11th Cir. 2005) (holding that, where state prisoner appeared to challenge the propriety of his conviction and sentence as well as the parole board's retroactive application of a policy allegedly requiring him to serve ninety percent of his punishment, the "exclusive remedy for [the prisoner's] claim is to file a habeas corpus petition pursuant to 28 U.S.C. § 2254 since his claim challenges the propriety of his conviction and sentence, as well as the execution of his sentence"). Mann's letter is properly treated as a petition for writ of habeas corpus under 28 U.S.C. § 2254.

**B.     This Court Lacks Jurisdiction to Rule on Mann's § 2254 Petition.**

Title 28 U.S.C. § 2241(d) provides:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(d).  Thus, petitions for writ of habeas corpus under 28 U.S.C. § 2254 may be filed either in the federal district court for the district of the state court of conviction and sentencing or the federal district court in the district of incarceration in that state. Although § 2241(d) has implications on venue, it primarily governs jurisdiction, as it states that "each of such district courts shall have concurrent jurisdiction to entertain the application." 28 U.S.C. § 2241(d); *see Zenteno v. Gipson*, 2014 WL 1795175, at *1–2 (C.D. Cal. Mar. 19, 2014); *Reyes v. Singer*, 2010 WL 680355, at *5 (N.D. Fla. Feb. 22, 2010).

Mann was convicted of murder in the Circuit Court of Walker County, and that court imposed the 40-year sentence she is serving.  Walker County is located within the federal judicial district of the United States District Court for the Northern District of Alabama. Mann is incarcerated at the Birmingham Community Based Facility/Community Work Center, in Birmingham, Alabama, which is in Jefferson County, Alabama.  Jefferson County also is located within the federal judicial district of the United States District Court for the Northern District of Alabama.  Thus, under 28 U.S.C. § 2241(d), the United States District Court for the Northern District of Alabama has jurisdiction to entertain Mann's § 2254 petition.  Although Mann's petition contests an administrative decision by the Board denying Mann parole, and the Board is located in Montgomery, Alabama, within the federal judicial district of the United States District Court for the Middle District of Alabama, this court does not have jurisdiction to entertain Mann's petition—because the Board is not a "State court" as mentioned in § 2241(d) and the Board did not "convict and sentence" Mann as provided in § 2241(d). *See Carmona v. Andrews*, 357 F.3d 535, 538–39 (5th Cir. 2004).

### C. Mann's § 2254 Petition Should Be Transferred.

Under 28 U.S.C. § 1631, when a court that finds it lacks jurisdiction to entertain a civil action, it may, if it is in the interest of justice, transfer such action to any other court in which the action could have been brought when it was filed. Because Mann is proceeding *pro se* and she seeks habeas corpus relief, this court finds it would be in the interest of justice to transfer this case to the United States District Court for the Northern District of Alabama under § 1631.[1]

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 1631.

It is further ORDERED that the parties shall file any objections to this Recommendation on or before **February 26, 2018.** A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon

---

[1] In recommending the transfer of Mann's petition, this court expresses no opinion on the merits of her claims. However, because Mann alleges that the Board's denial of her parole took place in January 2018, she may not have exhausted her state-court remedies.

grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Secs., Inc.,* 667 F.2d 33 (11th Cir. 1982).

DONE on the 12th day of February, 2018.

GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE